IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steven F. Fennell, ) | C/A No.: 1:16-298-JMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| T.M. Garret (Achim Schmid); Mid ) | |
| South Music Records; Mid South Music ) | |
| Entertainment; and Pic Arts Media, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Steven F. Fennell ("Plaintiff"), proceeding pro se, filed this action alleging state law claims against T.M. Garret ("Garret"), Mid South Music Records, Mid South Music Entertainment, and Pic Arts Media (collectively "Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), this matter has been referred to the undersigned for all pretrial proceedings. For the reasons that follow, the undersigned recommends that the district judge dismiss this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff alleges he entered into a recording contact with Mid South Music Records and a promotional agreement with Pic Arts Media on June 1, 2015. [ECF No. 1 at 2]. He alleges both contracts were signed by Garret. *Id.* Plaintiff states "defendants were a fee for service contractor" to whom he paid $12,800 "to have 12 songs remixed and mastered by Ardent Studio's." *Id.* Plaintiff alleges he was knowingly misled "by the defendant into

a contract and agreement with no intent to honor any services." *Id.* at 4. Plaintiff requests the agreement and contract be rescinded and seeks damages totaling $65,000. *Id.* at 4.

II.     Discussion

    A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint. Even though Plaintiff has paid the filing fee in this action, the court possesses the inherent authority to ensure that Plaintiff has standing, federal jurisdiction exists, and the case is not frivolous.[1] *See Ross v. Baron*, 493 F. App'x 405, 406–407 (4th Cir. 2012); *see also Mallard v. United States Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the

---

[1] Plaintiff is not proceeding in forma pauperis. Therefore, 28 U.S.C. § 1915(e)(2), which allows *sua sponte* dismissal of complaints that fail to state a claim, is inapplicable.

requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). To this end, Fed. R. Civ. P. 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" When a complaint fails to include "an affirmative pleading of a jurisdictional basis a federal court

3

may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley*, 191 F.3d at 399 (citation omitted). However, if the court, viewing the allegations in the light most favorable to a plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.; see also Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452–53 (4th Cir. 2012) (holding that when the alleged federal claim is "'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy,'" then subject matter jurisdiction does not exist) (citation omitted). The two most commonly recognized and utilized bases for federal court jurisdiction are (1) diversity of citizenship pursuant to 28 U.S.C. § 1332, and (2) federal question under 28 U.S.C. § 1331.

The allegations contained in the instant complaint do not fall within the scope of either form of this court's limited jurisdiction. First, the diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372–74 nn.13–16 (1978). The court does not have diversity jurisdiction over this case, as Plaintiff's complaint fails to demonstrate complete diversity of citizenship, and Plaintiff's request for damages totaling $65,000 fails to satisfy the amount in controversy requirement of § 1332(a).

Second, the essential allegations contained in the complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United

4

States." 28 U.S.C. § 1331. Plaintiff's allegations do not assert that defendants have violated a federal statute or constitutional provision, nor is any type of federal question jurisdiction otherwise evident from the face of the pleading. Instead, the complaint alleges a breach of contract claim, which is a matter of state law to be heard in the state courts, unless diversity of citizenship is present. *See, e.g., Mail Mart, Inc. v. Action Mktg. Consultants, Inc.*, 314 S.E.2d 351 (S.C. Ct. App. 1984); *Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788–91 (D.S.C. 1992).

III.    Conclusion

For the foregoing reasons, the undersigned recommends that the court dismiss the complaint without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

February 9, 2016                                Shiva V. Hodges
Columbia, South Carolina                United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).