## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## AIKEN DIVISION

| | |
|---|---|
| Steven F. Fennell,                               ) | |
| ) | Civil Action No. 1:16-cv-00298-JMC |
| Plaintiff,                      ) | |
| ) | |
| v.                                               ) | **ORDER** |
| ) | |
| T.M. Garret (Achim Schmid); Mid South            ) | |
| Music Records; Mid South Music                   ) | |
| Entertainment; and Pic Arts Media,               ) | |
| ) | |
| Defendant.                      ) | |
| _____) | |

Plaintiff Steven F. Fennell ("Plaintiff"), proceeding pro se, filed this action alleging state law claims against T.M. Garret ("Garret"), Mid South Music Records, Mid South Music Entertainment, and Pic Arts Media (collectively "Defendants"). (ECF No. 1.) This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 9), filed on February 9, 2016, recommending that Plaintiff's action (ECF No. 1), be dismissed without prejudice and without issuance and service of process. The Report sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation herein without a recitation.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, and the recommendation has no presumptive weight—the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court

may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1).

Plaintiff was advised of his right to file an objection to the Report "within fourteen (14) days of the date of service of the Report and Recommendation," or by February 26, 2016. (ECF No. 9.) Plaintiff filed no objections.[1]

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

Because Plaintiff failed to object to the Report, the court does not need to conduct a de novo review and instead may accept the recommendation if there is no clear error in the Report. The court does not find clear error and accepts the Report of the Magistrate Judge.

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law.  The court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 9).  It is therefore **ORDERED** that Plaintiff's action, (ECF No. 1), be **DISMISSED** without prejudice.

---

[1] Plaintiff has filed a motion for an expedited hearing and injunction (ECF No. 9) requesting the court to rescind the disputed contract, order a refund of $12,800, take plaintiff's songs out of distribution and delete the www.afteralice.us website and pay the $2,200 owed to Ardent Studios. A party seeking a preliminary injunction must be likely to succeed on the merits. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 21 (2008) (holding that an injunctive relief is an extraordinary remedy that may be granted only upon a clear showing that the plaintiff is entitled to such relief). The court finds that the request for injunction cannot be construed as an objection to the report.  Therefore, the motion is moot.  (ECF No. 9.)

**IT IS SO ORDERED.**

_/s/ J. Michelle Childs_

United States District Judge

August 3, 2016
Columbia, South Carolina

3